L. J. BARNETT & Co., Appellee, v. D. WEEKS & Co., ET AL., Appellant.

**Injunction:** DAMAGES: SUFFICIENCY OF ALLEGATIONS. In this action for damages and to restrain the circulation of a document alleged to have been issued with the intent to injure plaintiff's trade in a certain article, the allegations of the petition are held to charge bad faith on the part of the defendant in the issuance of the circular.

**Appeal:** REVIEW OF FACTS. The court on appeal will not review facts simply assumed in argument and not alleged in the pleadings, but appearing simply from statements contained in the briefs of counsel.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

WEDNESDAY, MARCH 16, 1910.

THIS is an appeal by defendant from an order of the trial court overruling its demurrer to plaintiff's petition.— *Affirmed.*

*Orwing & Lane,* for appellant.

*Roe & Roe,* for appellee.

EVANS, J.—The petition alleges that the plaintiff is a copartnership engaged in "dispensing various drugs and pharmaceutical remedies to the retail druggists throughout

the country." One of such remedies is sold under the name of "Cold Tablets," and is put up in boxes and labeled by such name, for which plaintiff has a trade in most of the large cities of the country, which it has acquired by extensive advertising; that the defendant is also engaged in the same business; that in March, 1908, D. Weeks of the defendant firm brought an action in equity against Barnett of the plaintiff firm praying for a temporary injunction to restrain him from selling "Cold Tablets;" that upon a hearing of the application for a temporary injunction it was continued, and the main action is still pending; that since such time the defendant has commenced sending "scare-head circulars" to the retail druggists. throughout the United States claiming therein to have a distinctive label to the cold tablets they are putting out, and also to have the exclusive right for the selling thereof and "warning all of the said druggists that any one using similar label is guilty of unfair trade and is liable to suit for injunction and damages." The circular is set out as an exhibit to the petition, and is as follows:

Exhibit A.

WARNING!!

To Retail Druggists:
    We have built up a large trade throughout the entire United States on Cold Tablets put up in a package containing a *distinctive label.*
    We have acquired the *exclusive right* to the use of this label on Cold Tablets.
    Anyone using a similar label is guilty of *unfair trade* and *is liable to suit for injunction and damages.* This applies to the *retail druggists* as well as to the jobber.
    We have already brought suit against L. J. Barnett & Co., of Des Moines, Iowa, who have been selling Cold Tablets under similar labels to various druggists throughout the country. In order to protect our business, we may

be compelled to bring suit for infringement of this label against retail druggists.

If you have any Cold Tablets on hand with labels similar to our, return them to the manufacturer and demand the return of your money. Many druggists have innocently purchased and handled these infringing goods without knowledge of our rights.

The foregoing warning is intended as *legal notice to retail druggists* who receive same.

We have employed attorneys who are trademark specialists to protect our label against druggists *who persist in infringement* of it after receiving proper warning.

Full particulars will be submitted on request.

D. C. Leo & Co.,
Des Moines, Iowa.

It is averred that such circular is untrue, and that it is "circulated for the express purpose of ruining the business of the plaintiff." It is also averred that the defendant knows that it is entitled to no relief whatsoever in its original case filed against Barnett, and that the issuance of the said circulars is wilful and fraudulent and maliciously indulged in by the defendant. It is also averred that the business of the plaintiff "is being rapidly ruined by the said false and libelous circulars." Injunction is prayed for, both temporary and permanent, and damages in the sum of $50,000. To this petition defendant filed a general demurrer. The trial court having overruled the same, the defendant elected to stand on the ruling, and the same is now submitted to our consideration.

The controversy presented for our consideration centers upon the question whether the petition sufficiently charges bad faith on the part of the defendant in the issuance of said circular. We are constrained to hold that the petition is sufficient in this respect, though it has nothing to spare.

Appellant's argument assumes some facts which are not alleged in the petitions, and which do not appear

before us in any way except by statements in the brief. We can not take account of them on a demurrer. If appellant desired the benefit of such facts, they should have been alleged in an answer. The petition is fairly amenable to criticism, but we think its allegations are sufficient on their face to entitle plaintiff to some relief, even though it be much less than that prayed. The allegations of falsity of the circular and the knowledge of the defendant and the malicious intent to injure are very indefinite and unskillfully drawn, but some consideration must be given to the further allegation that, after a hearing upon the application for a temporary injunction in favor of these defendants, such application was refused by the court.

The order of the trial court is *affirmed*.